UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSEPH PULIZZANO,<br><br>Petitioner,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>Respondents. | No. 2:19-cv-01728 GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1 | After reviewing the petition for habeas corpus, the court finds that petitioner has failed to fully exhaust state court remedies. The undersigned has reviewed People v. Pulizzano, No. C082795, 2019 WL 492679 (Cal. Ct. App. Feb. 8, 2019). In petitioner's case on direct review, petitioner raised only one of the claims he brings here—Ground 1 having to do with the sua sponte attempted voluntary manslaughter instruction for Count 2. However, the opinion only indicates this state law issue was raised. Moreover, the case was remanded for sentencing purposes.

Petitioner further states he filed a petition for review with the California Supreme Court, which was denied on April 24, 2019. ECF No. 1 at 2. However, the grounds for such denial are unknown to the undersigned. First, the petition for review may have been denied because the case was not ripe for review, i.e., the resentencing proceedings may have been ongoing. Secondly, even if the merits of petitioner's claim in Ground 1 were before the state supreme court, it is highly unlikely that review was sought on a federal issue for Ground 1 or sought for any of the following issues in this federal habeas which were not presented at all to the California Court of Appeal.

Even supposing the claims brought before this court have not been exhausted, he may possibly be entitled to a stay pending exhaustion. See Mena v. Long, 813 F.3d 907 (9th Cir. 2016). However, before adjudicating any request for a stay, the undersigned desires to understand precisely what issues were presented to the California Supreme Court, i.e., whether no claim in this federal petition has been exhausted; whether this federal petition is partially exhausted; or whether state resentencing proceedings are presently ongoing.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall file a copy of the petition for review which was presented to the California Supreme Court as well as any subsequent response by the California Supreme Court. Petitioner shall also inform the court in writing whether his resentencing proceedings have been completed, whether any appeal was taken therefrom, and the status of any appeal. Petitioner shall make the ordered filings no later than thirty days from the filed date of this order.

////

2. The Clerk of the Court shall serve a copy of this order and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.  Respondent is also directed to file a response to the court's order, Paragraph 1, and make filings in accordance therewith within thirty days of the filed date of this order.

Dated: September 13, 2019

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE