UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSEPH PULIZZANO,<br><br>Petitioner,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>Respondents. | No. 2:19-cv-01728 JAM GGH P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding in pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

On September 13, 2019, the undersigned issued an order directing both parties to update the court on whether petitioner's state remedies had been fully exhausted. ECF No. 8. At the time, it was unclear to the court whether petitioner's resentencing proceedings had been completed after a remand by the California Third Appellate District, Court of Appeal; and whether petitioner had completed or began his direct appeal. Id. After reviewing petitioner and respondent's briefing, ECF Nos. 12, 13, it is apparent that petitioner's habeas petition is premature based on a pending direct appeal in the California Third Appellate District, Court of Appeal. ECF No. 13-1 at 1.

////

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Here, the petition is premature because petitioner has a pending direct appeal and accordingly, has not fully exhausted his available state court remedies. See Daniels v. Nelson, 415 F.2d 323, 323 (9th Cir. 1969) ("Prisoner's petition for writ of habeas corpus brought while his appeal of conviction was still pending in state court was premature since he still had remedies available in state courts."); see also Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) ("When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.")

Moreover, respondent argues the abstention doctrine requires dismissal of the federal habeas petition in light of petitioner's pending direct appeal of his criminal proceedings before the California Third Appellate District, Court of Appeal. Younger abstention is appropriate when the following criteria are met: (1) state judicial proceedings are pending; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity in state court to raise constitutional challenges. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982). Absent extraordinary circumstances, this court is barred from directly interfering with petitioner's ongoing criminal proceedings in state court. See Younger v. Harris, 401 U.S. 37, 46, 48–50 (1971); Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) ("abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution."); Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (exceptions to the general rule of federal

abstention arise only in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown."). <u>Younger</u> abstention is appropriate here due to the pendency of petitioner's direct appeal in the Court of Appeal; the ongoing criminal appeal proceedings that implicate important state interests; and petitioner's adequate opportunity to raise constitutional challenges in state court. Finally, there is no applicable exception to the <u>Younger</u> abstention established in this case.

For these reasons, petitioner's habeas petition should be dismissed without prejudice to petitioner's filing of a new federal habeas petition after the exhaustion of his state court remedies.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated: November 18, 2019

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE